REUBEN DONOVAN VS. ANNIE DONOVAN.

*Divorce—Decree Nisi—Plaintiff's Death within a year from the entry thereof—Rule by Administator of plaintiff for Final Decree discharged.*

*Sec.* 23, *Chap.* 221, *Vol.* 24, *Laws of Delaware*, 625, provides that "a decree *nisi* shall become absolute after the expiration of one year from the entry thereof, unless appealed from or proceedings for review are pending, or the Court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of one year such final and absolute decree shall then be entered upon application to the Court by the plaintiff, unless prior to that time cause be shown to the contrary." Upon a rule to show cause why a decree *nisi* should not be made absolute, it being shown that the plaintiff in the action for divorce died, after the decree *nisi* was entered, and within one year from the entry thereof, *Held*, that the Court has no power, upon the application of the administrator, or heir-at-law, or both, to grant a final decree. The rule was discharged.

(*April* 13, 1910.)

PENNEWILL, C. J.,and CONRAD, J., sitting.

*Daniel J. Layton, Jr.*, for rule.

*Levin Irving Handy* and *John M. Richardson* contra.

Superior Court, Sussex County, April Term, 1910.

ACTION FOR DIVORCE (No. 10, February Term, 1909), wherein Reuben Donovan was plaintiff and Annie Donovan, defendant. On February thirteenth, 1909, after hearing the cause a decree nisi was entered. On March fourth, of the same year, Reuben Donovan,the plaintiff, died. At the April Term, 1910, upon the petition of Enoch W. Donovan, a son and administrator of the said Reuben Donovan, deceased, a rule (No. 4, April Term, 1910) to show cause why said decree *nisi* should not be made absolute, wasgranted.

At the hearing upon the rule at the same term, Layton for the rule contended that where the consequences of the divorce

are such as affect the property rights of parties to the suit the heirs or personal representatives may have such an interest in the litigation as that the cause will survive, not for the purpose of continuing the controversy touching the right of divorce in itself, but to ascertain whether the property is rightfully diverted from the appropriate channel of devolution.

1 *Cyc. page* 64-65; *Nickerson vs. Nickerson*, 48 *Pacif.* 423 (*Cal.*); *Wood vs. Wood*, 113 *N. W. Rep.* 492, (*Iowa*); *Barth's adm'r. vs. Barth*, 42 *S. W.* 1116 (*Ky.*); *Re Cook's estate*, 17 *Pacif.* 923 (*Cal.*); *Thomas vs. Thomas*, 57 *Md.* 504; *Webber vs. Webber*, 83 *N. C.* 280, cited in 1 *Cyc.* 64; *Danforth vs. Danforth*, 111 *Ill.* 236, cited in 1 *Cyc.* 64; *John vs. Superior Court*, 90 *Pacif.* 53; *Coffman vs. Finney*, 61 *N. E.* 156, (*Ohio*); *McCollum vs. McCollum*, see 1 *Heiskell*, 565 (*note*; *Strickland vs. Strickland*, 97 *S. W.* 659.)

*Handy* and *Richardson* opposed, contended, that the action abated with the death of said Donovan, and that the decree *nisi* should be vacated and set aside.

*Wood vs. Wood*, 74 *Atl.* 560; *Sec.* 23, *Vol.* 24, *Laws of Delaware* 625; *Kimball vs. Kimball*, 44 *N. H.* 122; *Moors vs. Moors*, 121 *Mass.* 232; *Barney vs. Barney*, 14 *Iowa* 189; *McCurley's Exexecutor vs. McCurley*, 60 *Md.* 185.

PENNEWILL, C. J., delivering the opinion of the Court:

We have given this motion some consideration since the rule was issued and have attentively listened to the authorities cited by both sides to-day.

We may say that we think the citations in support of the rule do not impress us as being much in point. One or more of the cases are cases of appeal, where the appeal was taken before the death of the party, and others involve matters incidental to the divorce, such as alimony, etc. and do not involve the question raised here, to wit, the dissolution of the marriage tie; and certainly of the cases cited not one is like the present or closely analoous thereto.

The section of the statute under consideration is as follows:

"A decree *nisi* shall become absolute after the expiration of

Opinion.

one year from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of one year such final and absolute decree shall then be entered upon application to the court by the plaintiff, unless prior to that time cause be shown to the contrary". *Sec.* 23, *Chap.* 22, *Vol.* 24, *Laws of Delaware*, 625.

It appears from the petition filed that the plaintiff in the action for divorce died after the decree *nisi* was made and within the year next following said decree, and there is therefore now no husband or wife to be divorced. There is no marital relation existing between the parties, and no parties to the action of divorce and upon which the decree may be operative. There is no plaintiff in the case who can make the motion for a final decree as required by the statute. We are therefore of the opinion that the husband, the plaintiff, being deceased, this Court has no power, upon the application of the administrator, or heir-at-law or both, to grant a final decree. The rule is discharged.

*Mr. Richardson:*—Does it follow that the decree *nisi* is vacated?

Pennewill, C. J.,:—The only thing before the Court is the final decree. The motion here is that we make the decree *nisi* final, and that we refuse. That is all there is before us in this application.